UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FRANK TILLER, <br><br> Plaintiff, <br><br> v. <br><br> LYNN FRY, MERANDAT, and KEENZLY, <br><br> Defendants. | CAUSE NO. 3:20-CV-700-JD-MGG |

OPINION AND ORDER

Frank Tiller, a prisoner without a lawyer, filed an amended complaint alleging he was denied medical treatment at the Miami Correctional Facility. ECF 14. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Tiller alleges he had hernia surgery at a hospital outside of the prison in 2018. When the staples were removed at the prison infirmary, his abdominal wall ruptured. As a result, he had to return to the hospital where several feet of his intestines were removed. Tiller alleges that from December 2018 to March 2020, Dr. Merandat, Dr. Keenzly, and Director of Nursing Lynn Frye denied him constitutionally adequate follow-up medical care for his hernia in various ways.

Tiller alleges in December 2018 and again in January 2019, that Dr. Merandat and then Dr. Keenzly sent him to a vascular surgeon who had operated on his left leg years before rather than back to the surgeon who performed his hernia operation. The vascular surgeon did nothing to treat his hernia and Dr. Merandat and Dr. Keenzly both refused to send him to the correct surgeon for follow-up care. He alleges in January 2019, Dr. Keenzly cancelled his pain medication and his supplemental protein drinks which had been prescribed to help him increase weight after his hernia surgery. He alleges Director of Nursing Lynn Frye delayed his ability to see a physician in January 2019. He alleges Dr. Merandat and Director of Nursing Lynn Frye called him into their office in February 2019 and told him to stop asking for help because there was nothing they were going to do to help him. He alleges all three continued to deny him medical treatment for the rest of 2019, despite his repeated requests for help. On December 18, 2019, he says Nurse Practitioner Kim Myers discovered he had been sent to the wrong outside surgeon and prescribed him medication the three defendants had refused him. He alleges they cancelled the medication on January 4, 2020, and delayed his visit with the proper surgeon until March 23, 2020.

2

For medical professionals to be held liable for deliberate indifference to an inmate's medical needs, they must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Here, Tiller has plausibly alleged Dr. Merandat, Dr. Keenzly, and Director of Nursing Lynn Frye denied him constitutionally adequate medical treatment from December 2018 to March 2020 in violation of the Eighth Amendment. Though Tiller also alleges a First Amendment retaliation claim based on the same facts, proceeding on different constitutional theories based on the same facts is redundant. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (Analyzing allegations under the most "explicit source[s] of constitutional protection.") and *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing claims based on same circumstances because the claim "gains nothing by attracting additional constitutional labels . . ..").

In addition, Tiller raises several other claims. He alleges Regional Director LeeAnn Ivers mishandled his grievances and refused to talk to him about them. However, "grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of . . . grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Though he also alleges Dr. Keenzly, Dr. Merandat, and Director of Nursing Lynn Frye refused to respond to his grievances, this assertion merely

3

duplicates his Eighth Amendment claims for denying constitutionally adequate medical treatment. He alleges his wheelchair was taken on August 2, 2019, by an unknown correctional officer. It was returned, but it is unclear when or by whom. He speculates it was taken at the direction of someone in medical, but he does not say who. These allegations do not plausibly state a claim against any of the named defendants.

Finally, he names Wexford as a defendant. He does not explain what Wexford did to deny him constitutionally adequate medical care. Though Wexford employs the other defendants, that does not state a claim because, under 42 U.S.C. § 1983, companies are not liable merely because they employ someone. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009).

For the forgoing reasons, the court:

(1) GRANTS Frank Tiller leave to proceed against Dr. Merandat, Dr. Keenzly, and Director of Nursing Lynn Frye in their individual capacities for compensatory and punitive damages for denying him constitutionally adequate medical treatment for his hernia from December 2018 to March 2020 in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Ms. Ivers and Wexford;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Dr. Merandat, Dr. Keenzly, and Director of Nursing Lynn Frye at Wexford of Indiana, LLC, with a copy of this order and the amended complaint (ECF 14), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS Wexford of Indiana, LLC, to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant that does not waive service, if they have such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. Merandat, Dr. Keenzly, and Director of Nursing Lynn Frye to respond to the complaint as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 18, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT